UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARCEL BEARD,<br><br>      Petitioner,<br>vs.<br><br>SUPERIOR COURT OF FRESNO COUNTY,<br><br>      Respondent. | 1:07-cv-00695-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 9, 2007, Petitioner filed the instant petition. (Doc. 1).

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases.

From a preliminary review of the instant petition, and from the Court's review of the California court system's electronic database of cases, it appears that Petitioner was convicted of the underlying charges in the Fresno County Superior Court on April 19, 2007, twenty days before he filed the instant petition. (Doc. 1, p. 1). A review of the state court's database indicates that Petitioner filed his notice of appeal on May 3, 2007, in the Court of Appeal of the State of California, Fifth Appellate District ( the "5th DCA") case number F052780, just six days

before he filed the instant petition. The state court database indicates that Petitioner's state court appeal is still pending and that Petitioner's opening brief in his appeal has yet to be filed. The direct appeal is far from being concluded.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 43-45 (1971); <u>Samuels v. Mackell</u>, 401 U.S. 66, 68-69 (1971). <u>Younger</u> and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. <u>Middlesex County Ethics Committee v. Garden State Bar Assoc.</u>, 457 U.S. 423, 431 (1982); <u>Dubinka v. Judges of Superior Court of State of California, Los Angeles</u>, 23 F.3d 218, 223 (9th Cir. 1994); <u>Lebbos v. Judges of Superior Court, Santa Clara</u>, 883 F.2d 810, 813 (9th Cir.1989). The <u>Younger</u> doctrine stems from this longstanding public policy against federal court interference with state court proceedings. <u>Younger</u>, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. <u>Younger</u>, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); <u>Dubinka</u>, 23 F.3d at 225-226. Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. <u>Perez v. Ledesma</u>, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the <u>Younger</u> doctrine is appropriate. <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. <u>Middlesex County Ethics Comm.</u>, 457 U.S. at 432; <u>Dubinka</u>, 23 F.3d at 223.

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the <u>Younger</u> abstention doctrine apply. The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute

at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

The first requirement is satisfied here because the state criminal proceedings related to Petitioner's conviction have not been concluded.  It appears from the Court's review of the California courts' electronic database that Petitioner's opening brief is not due until February 2007.  After the filing of the opening brief, the respondent's brief will be filed and thereafter, Petitioner's reply brief.  Once the case has been fully briefed, the 5th DCA will issue an opinion in the case.  At that point, Petitioner would have further remedies on direct appeal in the California Supreme Court.  In other words, Petitioner's direct appeal is pending in its early stages and is far from being concluded.

The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue here. See Dubinka, 23 F.3d at 223. The Court is loathe to insert itself into state criminal proceedings absent a compelling reason.  Finally, the third requirement is met because Petitioner can address his federal constitutional claims related to the decision of the trial court to increase the charge from a misdemeanor to a felony, the sufficiency of the evidence at the preliminary hearing, and the ineffective assistance of trial counsel in the state court criminal proceedings that are presently pending in 5th DCA case number F052780.

Cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54.  The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

///

1    Here, it now seems apparent that Petitioner is seeking to have the federal Court intervene
2  in an ongoing state criminal prosecution.  This is precisely the type of circumstance to which the
3  Younger doctrine was intended to apply.  Petitioner has not established that any exception to
4  Younger abstention is applicable in this case, i.e., that the state court proceedings were
5  undertaken for bad faith or for purposes of harassment.  Dubinka, 23 F.3d at 223 & 225; Lebbos,
6  883 F.2d at 816.  Indeed, as the state criminal proceedings are currently pending, Petitioner can
7  raise those concerns within the context of those state court proceedings.

## RECOMMENDATIONS

9    Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus
10  (Doc. 1), be DISMISSED under Younger v. Harris.
11    These Findings and Recommendations are submitted to the United States District Judge
12  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
13  the Local Rules of Practice for the United States District Court, Eastern District of California.
14  Within twenty (20) days after being served with a copy, any party may file written objections
15  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
16  to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the
17  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
18  failure to file objections within the specified time may waive the right to appeal the District
19  Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  IT IS SO ORDERED.

22  Dated:  **January 15, 2008**                    /s/ Theresa A. Goldner
                                                 UNITED STATES MAGISTRATE JUDGE